1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ELBERT JACKSON,                          No.  2:14-cv-1538 TLN DAD P

12              Petitioner,

13        v.                                  FINDINGS & RECOMMENDATIONS

14   G. JANDA,

15              Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

19        Examination of the in forma pauperis application reveals that petitioner is unable to afford

20   the costs of suit.  Accordingly, the court will grant petitioner's application to proceed in forma

21   pauperis.  See 28 U.S.C. § 1915(a).

22                          **PRELIMINARY SCREENING**

23        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

24   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

25   petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254

26   Cases.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695

27   F.2d 1195, 1198 (9th Cir. 1983).  The Advisory Committee Notes to Rule 8 of the Rules

28   Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas

                                        1

1    corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal

2    pursuant to a motion by the respondent; a dismissal after the answer and petition are considered;

3    or a dismissal after consideration of the pleadings and an expanded record."

**DISCUSSION**

5        Petitioner's sole claim for federal habeas relief is that the Sacramento County Superior

6    Court imposed on him an unauthorized sentence of twenty-five years to life in state prison

7    pursuant to California's Three Strikes Law.  (Pet. at 4.)  Although somewhat difficult to decipher

8    it is apparent that petitioner is not challenging his state sentence on constitutional grounds.

9    Rather, it appears that he is complaining that a prior state conviction, for which he is already

10   serving an indeterminate life term, was erroneously relied upon as a prior strike to enhance the

11   sentence imposed with respect to his subsequent conviction.  That, however, is an issue governed

12   by state law.  It is well established that whether a state court has misapplied a state sentencing law

13   does not state a cognizable claim for federal habeas corpus review.  See Lewis v. Jeffers, 497

14   U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Souch v.

15   Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (state law sentencing claims insufficient to merit

16   federal habeas relief); Miller v. Vasquez, 868 F.2d 1116, 118–19 (9th Cir. 1989) (whether state

17   erred in application of state sentencing laws does not state a federal constitutional claim).

18   Accordingly, the court will recommend that the pending petition for writ of habeas corpus be

19   dismissed.

**CONCLUSION**

21       Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma

22   pauperis (Doc. No. 2) is granted.

23       IT IS HEREBY RECOMMENDED that:

24       1.  Petitioner's application for a writ of habeas corpus (Doc. No. 1) be dismissed for

25   failure to state a cognizable claim for relief; and

26       2.  This action be closed.

27       These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

1    after being served with these findings and recommendations, petitioner may file written

2    objections with the court and serve a copy on all parties.  Such a document should be captioned

3    "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that

4    failure to file objections within the specified time may waive the right to appeal the District

5    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6         In any objections he elects to file, petitioner may address whether a certificate of

7    appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule

8    11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

9    certificate of appealability when it enters a final order adverse to the applicant).

10   Dated:  August 4, 2014

11

12   _____
     DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

13   DAD:9
     jack1538.156

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28